UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

A.V. AVINGTON, JR., )
)
      **Plaintiff,** )
)
v. ) Case No. 08-CV-0571-CVE-FHM
)
STATE OF OKLAHOMA OFFICE OF )
JUVENILE AFFAIRS and L.E. RADER )
JUVENILE JUSTICE CENTER, )
)
      **Defendants.** )

## OPINION AND ORDER

Now before the Court is Defendant's [sic] Motion for Partial Dismissal of Plaintiff's Complaint and Brief in Support (Dkt. # 15). Defendants State of Oklahoma Office of Juvenile Affairs (OJA) and the L.E. Rader Juvenile Justice Center (LERC) ask the Court to dismiss plaintiff's claims of discrimination based on race, religion, and national origin, as well as his "failure to promote" claim, because plaintiff did not exhaust his administrative remedies as to these claims. Defendants also ask the Court to dismiss OJA as a party and seek dismissal of plaintiff's demand for punitive damages.

### I.

On April 1, 2006, plaintiff was hired by LERC as a Youth Guidance Specialist I and he currently holds the position of Youth Guidance Specialist II. Dkt. # 1, at 2. Plaintiff claims that he completed a six-month probationary period without committing any disciplinary infractions. He states that he "began to notice some serious unethical job violations and behavior among female staff without any intervention from supervisors or administrative staff," and he began to file internal grievances complaining about the job performance of female staff members. Id. at 3. He alleged

that female staff members were coming to work at least one to three hours late and were falsifying their time sheets.[1]  In March 2007, plaintiff began to suspect that a female co-worker was having an intimate relationship with a police officer supervisor and he alleges that this relationship was interfering with his ability to perform the functions of his job.  Id. at 3-4.  On April 14, 2007, plaintiff confronted his female co-worker and the police officer supervisor about their relationship "to let them know that the work place was not an appropriate place to have an ongoing affair and or intimate encounters."  Id. at 4.  He claims the police officer supervisor threatened to report plaintiff to the administration of LERC for sleeping on the job.  Plaintiff continued to file internal grievances about the behavior of female staff and the alleged intimate relationship between a female co-worker and the police officer supervisor.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), through the Oklahoma Human Rights Commission, on September 7, 2007 alleging claims of disability discrimination, gender discrimination, and retaliation.  In full, plaintiff's EEOC charge states:

> I believe that I have been discriminated against because of my sex, male (sexual harassment) and disability and retaliated against for complaining of discrimination in that:
>
> 1.  I began to notice in March of 2007, that our supervisor, Michael Richardson, was spending a lot of time with and giving special privileges to a female co-worker.  I was often left alone to guard twenty-four (24) juveniles for extended periods of time while she was away with him or off of the property during her shift.  The other male co-workers' assignments were likewise affected by the supervisor's preferential treatment of this female employee.

---

[1]  Plaintiff has attached copies of numerous internal grievances and letters to his complaint. The grievances date from January 12, 2007 to August 29, 2008.  See Dkt. # 1, at 12-56.

>    2.   On April 14, 2007, I objected to the practice. Richardson told me that if I made a big deal about the relationship, he would get me in trouble for sleeping on the job. I believe he was threatening to use my disability against me in retaliation for my complaint.

Dkt. # 15, Ex. 1. The charge states that the earliest act of discrimination occurred on March 1, 2007 and the final act of discrimination occurred on April 14, 2007. Id.

Plaintiff states that he received a right-to-sue letter from the EEOC on July 24, 2008. Dkt. # 1, at 2. He filed this lawsuit on September 26, 2008 alleging "retaliation for whistle blowing" (First Cause of Action), failure to promote (Second Cause of Action), and disparate treatment due to plaintiff's race, color, religion, sex or national origin (Third Cause of Action) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII). He requests actual and punitive damages for each claim. The complaint contains factual allegations concerning events that may have occurred after plaintiff filed his EEOC charge, because the complaint does not clearly identify when many of the alleged discriminatory acts occurred. Specifically, plaintiff states that he interviewed ten times for the position of Juvenile Justice Specialist I or II, but he has not been offered either position. He states that LERC's failure to promote him is evidence that LERC is retaliating against him for reporting the conduct of his female co-worker and the police officer supervisor. Dkt. # 1, at 5.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A complaint must contain enough "facts to state a claim

to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants have filed a partial motion to dismiss under Rule 12(b)(6) asking the Court to (1) dismiss any unexhausted claims; (2) dismiss LERC as a party; and (3) dismiss plaintiff's demand for punitive damages. Plaintiff is representing himself in this matter and has filed a response on his own behalf. Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when ruling on defendants' partial motion to dismiss. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

**A.**

Defendants ask the Court to dismiss any claim which plaintiff did not fully exhaust during his administrative proceedings. Specifically, defendants claim that plaintiff's EEOC charge did not contain any allegations concerning discrimination based on his race, color, religion, or national origin, nor did the EEOC charge allege that LERC failed to promote plaintiff in retaliation for reporting any type of discrimination. Plaintiff concedes that his EEOC charge did not state any allegations concerning discrimination based on race, color, religion or national origin, and these claims should be dismissed. Dkt. # 21, at 2. However, he asserts that he did exhaust his failure to promote claim, and he should be allowed to proceed with that claim.

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (internal quotation marks and citation omitted). To exhaust administrative remedies, a plaintiff must file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b). The Tenth Circuit has held that "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). Thus, if the EEOC should not be reasonably expected to investigate a plaintiff's claim or its underlying factual allegations, a court does not have jurisdiction to consider the matter.

Plaintiff asserts that he exhausted his administrative remedies as to his failure to promote claim because the EEOC could reasonably have been expected to investigate these allegations as part of his gender discrimination or retaliation claims. The factual basis for plaintiff's failure to promote claim is his allegation that he interviewed ten times for the positions of Juvenile Justice

5

Specialist I or II, but he has not been hired for either position. Plaintiff's EEOC charge does not specifically identify LERC's failure to promote him as a basis for any of his claims. The Tenth Circuit has adopted a limited exception to the exhaustion requirement in Title VII cases when the unexhausted claim is for "discrimination like or reasonably related to the allegations in the EEOC charge." Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1327 (10th Cir. 1999). In previous cases, the Tenth Circuit permitted a Title VII plaintiff to proceed with unexhausted claims, especially in context of alleged retaliation, if the new acts were reasonably related to the allegations of the plaintiff's EEOC charge, even if the new acts occurred while the EEOC charge was pending. Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994). However, the Tenth Circuit has subsequently held that the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), abrogated this rule and, while new acts may be used as evidence to support a fully exhausted claim, a plaintiff must file a charge concerning each discrete act of alleged discrimination before proceeding with a claim in federal court. Martinez v. Potter, 347 F.3d 1208 (10th Cir. 2003); see also Annett v. Univ. of Kansas, 371 F.3d 1233, 1238 (10th Cir. 2004) ("Previously, we would proceed to examine whether the alleged employment action, provided it occurred after the filing of the EEOC charge, was 'like or reasonably related to the allegations of the EEOC charge.' However, our recent holding in [Martinez] has foreclosed this line of inquiry.").

Construing the factual allegations of the complaint in favor of plaintiff, the Court finds that plaintiff has not exhausted his claim for failure to promote because his EEOC charge does not include any factual allegations related to this charge. Plaintiff filed his EEOC charge on September 7, 2007, but his complaint does not allege any facts suggesting that he interviewed for the positions

6

of Juvenile Justice Specialist I or II before September 7, 2007. Therefore, it would not be reasonable to infer that the EEOC should have investigated plaintiff's allegations concerning LERC's alleged failure to promote him as part of its investigation of the claims raised in plaintiff's EEOC charge. To bring a claim for events occurring after September 7, 2007, plaintiff is required to file a new charge with the EEOC exhausting his claims before he may proceed with those claims in federal court. Annett, 371 F.3d at 1238; Fox v. Wichita State Univ., 489 F. Supp. 2d 1216, 1225 (D. Kan. 2007). Based on plaintiff's failure to exhaust his administrative remedies, plaintiff's failure to promote claim (Second Cause of Action) should be dismissed. The Court will allow plaintiff to file an amended complaint clarifying his failure to promote claim if he can allege specific facts that occurred before September 7, 2007 and show that the EEOC could have been expected to investigate these factual allegations as part of its investigation of the claims actually raised in plaintiff's EEOC charge.

**B.**

Defendants argue that OJA is plaintiff's employer and LERC should be dismissed as a party to this case. Plaintiff asks the Court to deny defendants' motion to dismiss on this basis, but he does not provide any argument or authority to support this request. Dkt. # 21, at 6. LERC is an institution controlled and operated by OJA through the Department of Juvenile Justice, and all contracts entered into by LERC are the responsibility of OJA. See OKLA. STAT. tit. 10, § 7302-6.7 ("The supervision, management, operation and control of the [LERC] and all property, records, equipment and supplies related thereto shall be the responsibility of the [OJA] through its Department of Juvenile Justice."). Hiring and employment standards for employees of LERC are created by the Executive Director of the OJA, and OJA maintains a personnel and merit

administration system for institutions under its contral. OKLA. STAT. tit. 10, § 7302-6.2. Plaintiff attached numerous internal grievances and official documents concerning his employment, and each of the documents was issued by OJA rather than LERC. While plaintiff worked at LERC, his actual employer was the OJA through its Department of Juvenile Justice, and the proper defendant in this case is OJA. Therefore, LERC should be dismissed as a party to this action.

## C.

Defendants ask the Court to dismiss plaintiff's claim for punitive damages because punitive damages are not available from a governmental employer. Plaintiff claims that he will likely be able to support his allegations of "undue treatment" and his demand for punitive damages should not be dismissed. The availability of punitive damages under Title VII is governed by 42 U.S.C. § 1981a(b)(1), which states:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

The statute specifically forbids an award of punitive damages against a governmental entity. Baker v. Runyon, 114 F.3d 668 (7th Cir. 1997) (reversing district court's award of punitive damages against United States Postal Service because punitive damages are not available from a government agency under § 1981a); Bryant v. Locklear, 947 F. Supp. 915 (E.D.N.C. 1996) (dismissing claim for punitive damages against North Carolina State University in Title VII case because this defendant was a state agency). As the Court has noted, the remaining defendant, OJA, is an agency of the state of Oklahoma and OJA was plaintiff's employer. Punitive damages are not available

8

from a governmental agency under § 1981a and, as his employer is a state agency, plaintiff's demand for punitive damages should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's [sic] Motion for Partial Dismissal of Plaintiff's Complaint and Brief in Support (Dkt. # 15) is **granted**. Plaintiff's claims alleging discrimination based on race, color, religion and national origin (part of Third Cause of Action), his failure to promote claim (Second Cause of Action), and his demand for punitive damages are **dismissed**. Defendant L.E. Rader Juvenile Justice Center is **terminated** as a party to this action.

**IT IS FURTHER ORDERED** that the caption is hereby amended to delete reference to L.E. Rader Juvenile Justice Center as a defendant.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint **no later than March 26, 2009** clarifying his failure to promote claim (Second Cause of Action) if he can allege specific facts that occurred before September 7, 2007 and show that the EEOC could have been expected to investigate these factual allegations as part of its investigation.

**DATED** this 11th day of March, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT